IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT E. CHENCINSKI, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  CIVIL NO. 09-cv-658-DRH |
| | ) |
| **ROGER E. WALKER, JR., et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## **MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 11). Plaintiff asserts that the Court erred in dismissing his claims against Defendants Jody Hathaway (Warden at Shawnee Correctional Center) and Roger E. Walker Jr. (Director of the Illinois Department of Corrections). The claims against these Defendants were dismissed after threshold review of the complaint pursuant to 28 U.S.C. § 1915A, but Plaintiff's claim that he was denied adequate medical treatment by the remaining defendants was referred to a United States Magistrate Judge for further proceedings. Accordingly, no Judgment was entered concerning the dismissal of Defendants Hathaway and Walker.

In his motion, Plaintiff contends that Defendants Hathaway and Walker reviewed and approved the denial of his grievances concerning the lack of medical treatment. As noted in the Court's threshold review Order (Doc. 8), Plaintiff's complaint contained no fact allegations concerning Hathaway and Walker. Plaintiff counters that because he is required to exhaust his administrative remedies in order to pursue a civil action, 42 U.S.C. § 1997e, their involvement

should be taken for granted.

The Court disagrees. First, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Second, "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Finally, Plaintiff, and many other inmates, seem to think that any prison employee who knows (or should know) about his problems has a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). As Chief Judge Easterbrook recently stated,

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. *See Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993).

*Burks*, 555 F.3d at 595.

      Accordingly, Plaintiff's motion for reconsideration (Doc. 11) is **DENIED.**

      **IT IS SO ORDERED.**

      **DATED:** April 15, 2010

                                     /s/   DavidRHerndon
                                     **DISTRICT JUDGE**