IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT E CHENCINSKI, JR.,**

    **Plaintiff,**

**v.**

**ROGER E. WALKER, JR., et al.,**

    **Defendants.**                                    **Case No. 09-cv-658-DRH**

### MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the indigent [movant] made reasonable efforts to retain counsel or been effectively precluded from making such efforts before requesting appointment" and "(2) given the difficulty of the case, [does the movant] appear to be competent to [litigate] it himself." ***Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (citations omitted) (stating that counsel, if warranted, should be provided not only for the purposes of trying a case, but for the "tasks that normally attend litigation" such as discovery and motions practice)**. When initially presented with Plaintiff's Motion to Appoint Counsel (Doc. 6), the Court

found that although it appeared Plaintiff had made a reasonable but unsuccessful effort to retain counsel, it also found that at the time, the complexity of the case did not exceed Plaintiff's competence to litigate it himself. Therefore, the Court denied the motion without prejudice (*see* Doc. 9). The Court therefore instructed Plaintiff that if in the future he believed that he was no longer able to competently prosecute his claims, he could again request the Court to reconsider his request for appointment of counsel. While Plaintiff has not formally made such a request, the Court, has power to make a *sua sponte* finding that the circumstances dictate that appointment of counsel would be proper in this matter. Upon further review of the pending motions and proposed amended pleadings in this matter, the Court finds cause to appoint counsel to represent Plaintiff in this matter, *pro bono*. Accordingly, the Court hereby **APPOINTS** attorney William Kruse of the law firm Holland, Groves, Schneller & Stolze, LLC, 300 N. Tucker, Suite 801, St. Louis, MO 63101.

Plaintiff is cautioned to consult with his counsel in this matter and to understand that his counsel is the legal professional in this relationship. Without commenting on the validity of the matter in litigation, counsel is reminded and the Plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings. As a consequence, counsel will likely, from time to time, advise Plaintiff against taking a certain course of action. While Plaintiff may not totally agree with counsel's advice, Plaintiff should realize that generally, in the long run, such advice will be in his best interest because it is in compliance with the law. Also, there is a possibility that

counsel may advise Plaintiff to pursue additional claims or may advise Plaintiff to abandon certain existing claims.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law. If Plaintiff wants to be represented by counsel he will have to cooperate fully with that counsel. The Court is not obligated to and will not accept any *pro se* filings from Plaintiff while he is represented by counsel, except a pleading that asks that he be allowed to have counsel withdraw from representation. Funds for the reimbursement of out-of-pocket expenses of counsel are very limited, but if Plaintiff prevails, the Court has the discretion to consider the reimbursement of expenses from the case proceeds. Counsel should use the utmost care in expending funds and in no event will funds be reimbursed if the expenditure is found to be without a proper basis. Counsel should consult the local rules and the District Court Fund plan for more information in this regard.

As a final matter, because counsel has now been appointed to represent Plaintiff, the Court hereby **DENIES** without prejudice the following pending motions filed *pro se* by Plaintiff: Motion for Preliminary Injunction (Doc. 5), and Motion to Amend/Correct Complaint (Doc. 18). This is being done for the purposes of allowing Plaintiff's newly-appointed counsel to review the case file, confer with Plaintiff, and determine whether it would be proper to re-file either of these two motions. However, the Court leaves as pending the Motion for Order to Provide the U.S.

Marshal Service With Address of Defendant Gina Shaffer (Doc. 17), as that was not a motion filed by Plaintiff himself.

**IT IS SO ORDERED**.

Signed this 9th day of June, 2010.

/s/  DavidRHerndon

**Chief Judge**
**United States District Court**