IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT E CHENCINSKI, JR.,**

    **Plaintiff,**

v.

**ROGER E. WALKER, JR., et al.,**

    **Defendants.**                                **Case No. 09-cv-658-DRH**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is a Motion to Withdraw (Doc. 69), filed by Plaintiff's court-appointed attorney, William Kruse. Kruse requests permission to withdraw but asks that Plaintiff be allowed to continue to be represented by his other counsel of record, Ryan M. Furniss of the law firm Holland, Groves, Schneller & Stolze, LLC. The Court hereby **GRANTS** said Motion. In so doing, it hereby officially appoints attorney Ryan M. Furniss of the law firm Holland, Groves, Schneller & Stolze, LLC 300 N. Tucker, Suite 801, St. Louis, MO 63101, to represent Plaintiff in this matter in a *pro bono* capacity.

Once again, the Court explains that Plaintiff should, if he has not already, consult with his counsel in this matter and to understand that his counsel is the legal professional in this relationship.  Without commenting on the validity of the matter in litigation, counsel is reminded and the Plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings.  As a consequence, counsel will likely, from time to time, advise Plaintiff against taking a certain course of action.  While Plaintiff may not totally agree with counsel's advice, Plaintiff should realize that generally, in the long run, such advice will be in his best interest because it is in compliance with the law.  Also, there is a possibility that counsel may advise Plaintiff to pursue additional claims or may advise Plaintiff to abandon certain existing claims.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law.  If Plaintiff wants to be represented by counsel he will have to cooperate fully with that counsel.  The Court is not obligated to and will not accept any *pro se* filings from Plaintiff while he is represented by counsel, except a pleading that asks that he be allowed to have counsel withdraw from representation.  Funds for the reimbursement of out-of-pocket expenses of counsel are very limited, but if Plaintiff prevails, the Court has the discretion to consider the reimbursement of expenses from the case proceeds.  Counsel should use the utmost care in expending funds and in no event will funds be reimbursed if the expenditure is found to be without a proper basis.  Counsel

should consult the local rules and the District Court Fund plan for more information in this regard.

**IT IS SO ORDERED**.

Signed this 18th day of November, 2010.

David R. Herndon
2010.11.18 16:04:19
-06'00'

**Chief Judge**
**United States District Court**