IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT E. CHENCINSKI, JR., #B75443,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-cv-658-SCW |
| | ) |
| **ALFONSO DAVID,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court is Defendant Alfonso David's Motion for Costs (Doc. 136). As a prevailing party, Defendant David requests that he be awarded costs pursuant to **28 U.S.C. § 1920** and **FED.R.CIV.P. 54(d)(1).** Defendant asks for costs in the amount of $1,089.89. Plaintiff has filed a Response and Objection (Doc. 139) to the motion arguing that the request should be denied in its entirety because he is indigent. Plaintiff also requests that at least $400.40 in costs be denied because they are not authorized by statute.

**FED.R.CIV.P. 54(d)** provides that "costs-other than attorney's fees- should be allowed to the prevailing party." In the Seventh Circuit, "there is a heavy presumption in favor of awarding costs to the prevailing party." *Majeske v. City of Chicago*, **218 F.3d 816, 824 (7th Cir. 2000).** "The presumption in favor of awarding costs to the prevailing party is difficult to overcome,

and the district court's discretion is narrowly defined- the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Industries Company, Ltd.,* **126 F.3d 926, 945 (7th Cir. 1997).** However, the Seventh Circuit recognizes the court may, in its discretion, deny costs where the losing party is indigent. *Rivera v. City of Chicago*, **469 F.3d 631, 635 (7th Cir. 2006).** The burden is on the losing party to show that they are incapable of paying costs. *Id.*

Costs do not include all litigation expenses. Rather, costs are particular statutorily-defined categories of incurred charges worthy of reimbursement. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* **482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987);** *Hairline Creations, Inc. v. Kefalas*, **664 F.2d 652, 655 (7th Cir. 1981).**

**28 U.S.C. § 1920** sets forth the categories of expenses which properly may be taxed, including:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title:
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**28 U.S.C. § 1920.**

**28 U.S.C. § 1821** spells out the precise amounts recoverable by witnesses ($40 per day

for each day's attendance fees plus certain travel expenses). Expenses not on the statutory list must be borne by the party incurring them. *Collins v. Gorman*, **96 F.3d 1057, 1057 (7th Cir. 1998).**

Here, Plaintiff argues that he should not be required to pay the costs as he is a prisoner with limited resources. The Court recognizes its discretion to decline an award of costs based upon the indigence of a party against whom costs are sought. See *Rivera v. City of Chicago*, **469 F.3d 631, 634 (7th Cir. 2006).** To consider the indigence exception, the Court must conduct a two-step analysis: (1) the Court "must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future"; and (2) the Court "should consider the amount of the costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by [the] case." *Id.* **at 635.** The burden of threshold factual finding of a party's inability to pay is placed on the losing party and should be supported by documentation in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id*. Here, Plaintiff has failed to meet his threshold burden. While Plaintiff did obtain *in forma pauperis* status to pursue this case, he has not provided any documentation that he continues to be in pauper status or that he will continue his pauper status into the future. Thus, the Court **DENIES** Plaintiff's request to deny fees based on his indigence.

Plaintiff also objects to two of the costs that Defendant David seeks in his Bill of Costs. Specifically, Plaintiff objects to $400.40 Defendant claims he incurred for his own participation in the trial as well as $139.52 in copying charges that Defendant has failed to itemize or explain. As to the $400.40 Defendant claims for his own participation at trial, Defendant has not cited to, nor does the Court see, any provision of §1920 or Seventh Circuit case which provides for costs of a party's own attendance at trial. Thus, Defendant is not entitled to recover these costs. Plaintiff also objects to the costs for copying as Defendant has not itemized those costs. Defendant

states that he seeks $131.05 in copying charges that he claims were necessarily incurred in this case. He has not, however, provided the Court with any documentation necessary for the Court to determine whether those expenses were necessary. Defendant only provides the total cost for copying, but does not provide the Court with information on what documents were copies, for what purpose, when, or the number of copies produced. *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble, Co.*, 924 F.2d 633, 643 (7th Cir. 1991) (while party seeking costs was not required to provide a description of costs so detailed to make it economically infeasible to recover costs, the party was required to provide "the best breakdown obtainable from retained records."). Thus, the Court does not have enough information before it to determine if the copying costs were necessarily obtained for use in this case. Accordingly, the Court denies Defendant $131.05 in copying costs as they are not substantiated.

The Court also notes a conflict on Defendant's bill of costs. Defendant seeks a total of $509.92 in other costs which represents $400.40 in travel costs for Defendant and $139.52 in appearance fees for Dr. Steve Aldridge. However, this amount adds up to $539.92 not $509.92. This appears to be caused by a discrepancy in the charge for Dr. Aldridge, however, because Defendant failed to provide further documentation for those charges it is unclear to the Court which amount is the accurate charge (the presumably $109.52 as demonstrated by the bill of costs itself or the $139.92 as stated in Defendant's counsel's affidavit). Thus, the Court cannot substantiate the extra $30 that appears in counsel's affidavit. Accordingly, the Court will only award Defendant $109.52 as demonstrated by the bill of costs for the fees associated with Dr. Aldridge.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's bill of costs (Doc. 136). While the Court will allow certain costs, it will not allow $400.40 in costs for Defendant's own attendance at trial or the $131.05 in unsubstantiated copying costs.

Accordingly, the Court **DIRECTS** the Clerk of Court to tax a total of **$558.44 in favor of Defendant David and against Plaintiff Chencinski.**

**IT IS SO ORDERED**.

DATED: January 14, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge
